UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SEVEN FOR ALL MANKIND, LLC, a Delaware limited liability corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NETFOUNDATION, LLC d/b/a URBANWEARDIRECT.COM, <br><br> Defendant. | CASE NO. |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
COUNTERFEITING, TRADEMARK DILUTION, COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, AND FALSE
DESIGNATION OF ORIGIN SEEKING PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF**

Plaintiff Seven For All Mankind, LLC ("7FAM") as and for its

complaint hereby alleges as follows:

## INTRODUCTION

1.      This action arises out of defendant's unauthorized

manufacture, distribution, offer for sale and/or sale of denim jeans that are

virtually identical replicas of the jeans manufactured and distributed by 7FAM

bearing 7FAM's famous "Seven For All Mankind" trademark and related design

marks and copyrights.  Since their introduction into the marketplace in 2000,

7FAM's high-end jeans, which retail for well over $120, have become highly

sought-after fashion items.  Defendants have blatantly attempted to capitalize on

7FAM's popularity by trading in low-priced, low-quality copies of 7FAM's

authorized merchandise, resulting in lost sales and severe damage to 7FAM's

reputation and goodwill.  7FAM accordingly seeks a temporary restraining order, preliminary and permanent injunctive relief, damages, an accounting of defendant's profits, and an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This is an action for trademark counterfeiting and infringement, trademark dilution, copyright infringement, unfair competition, and unfair and deceptive trade practices under Florida and federal law.

3.      This Court has original jurisdiction over this action under Section 39 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1121, 17 U.S.C. §§101, *et seq.* (the "Copyright Act"), and 28 U.S.C. §§1331, 1332, and 1338.  This Court has personal jurisdiction over the defendants in that defendants reside and/or conduct business in this judicial district, the acts of infringement complained of herein are believed to have occurred in this judicial district, and the defendants otherwise can be found in this judicial district.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the defendants reside in this judicial district and/or a substantial part of the events giving rise to the cause of action occurred in this judicial district.

## THE PARTIES

5.      7FAM is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5175 South Soto Street, Los Angeles, California 90058.

6.      Defendant netFoundation, LLC is a Florida limited liability company with its principal place of business at 1324 Seven Springs Boulevard # 184 New Port Richey, Florida 34655.  Defendant netFoundation, LLC regularly conducts business in this judicial district as well as throughout the United States

of America.  In addition, 7FAM is informed and believes and based thereon alleges that netFoundation, LLC does business as Urbanweardirect.com and owns and operates a website found at www.urbanweardirect.com.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.     7FAM is a Los Angeles-based apparel company that manufactures and sells clothing throughout the United States.  7FAM was originally founded in 1981 under the name L'Koral, Inc.  In February 2005, L'Koral, Inc. transferred all its assets to 7FAM, including, without limitation, all rights in and to all intellectual property rights, including but not limited to trademarks, design marks, trade dress and copyrights, associated with "Seven for All Mankind" branded jeans, the goodwill associated therewith, and the right to sue in connection with such intellectual property rights.  For the purposes of convenience, L'Koral, Inc. and 7FAM shall be referred to below as "7FAM."

8.     Beginning in approximately September 2000, 7FAM introduced a line of jeans under the trademark "Seven For All Mankind" ("Authentic 7 Jeans").  7FAM sells its high-quality Authentic 7 Jeans in well-known chain stores such as Bloomingdales, Fred Segal, Barney's, Neiman Marcus, Saks Fifth Avenue, Macy's and Nordstrom, as well as in smaller boutiques in cities throughout the United States.

9.     At an average retail price of over $120 per pair, 7FAM's Authentic 7 Jeans became an instant success in the highly competitive fashion marketplace.  In the first year following introduction of the line, the sales of Authentic 7 Jeans totaled approximately $12 million.  Second year sales of Authentic 7 Jeans increased more than four times to over $58 million.  Since the introduction of the Authentic 7 Jeans just five years ago, 7FAM has sold over

$300 million of Authentic 7 Jeans, which are currently the market share leader in their price range.

10.     The enormous popularity of 7FAM's Authentic 7 Jeans was developed exclusively through word of mouth and favorable media coverage, as well as the marketing efforts of 7FAM's retail customers.  Authentic 7 Jeans have been featured in women's fashion magazines, such as Cosmopolitan, Glamour, Elle, Harper's Bazaar and InStyle, as well as a wide variety of other publications, such as Vanity Fair, Rolling Stone, Time and Entertainment Weekly.  In addition, Authentic 7 Jeans have appeared in numerous popular television shows and motions pictures.

11.     7FAM is the sole owner of certain valid and subsisting federally registered and common law trademarks related to their famous Authentic 7 Jeans, including the name and logo "7 For All Mankind" and various pocket stitch designs.  Examples of such pocket stitch designs are the "A-pocket," the "squiggle wave," "dojo" and "flint."  True and correct copies of 7FAM's federal trademark registrations relevant to this action are attached hereto as Exhibit "1" and incorporated herein as if set forth in full.  These registered and common law trademarks are collectively referred to hereafter as the "7 Jeans Marks."

12.     In addition, 7FAM is also the sole owner of the following valid and subsisting copyrights:

(a)     United States Copyright Registration No. VA 1-301-726, in the "squiggle" stitch design (commonly referred to as the "squiggle wave");

(b)     United States Copyright Registration No. VA 1-301-727, in

the "A-pocket" stitch design; and

(c)    United States Copyright Registration No. VA 1-285-316, in the "dojo" stitch design.

13.    True and correct copies of 7FAM's copyright registrations for the "A-pocket," "dojo" and "squiggle wave" stitch designs are attached hereto as Exhibit "2" and incorporated herein as if set forth in full.  These copyrighted designs are collectively referred to hereafter as the "7 Jeans Copyrights."

14.    True and correct copies of photographs of various of the 7 Jeans Marks and 7 Jeans Copyrights as used on 7FAM products are attached hereto as Exhibit "3" and incorporated herein as if set forth in full.

15.    The success enjoyed by 7FAM in selling and marketing Authentic 7 Jeans, which are the only jeans that may bear designs and words protected by the 7 Jeans Marks and/or the 7 Jeans Copyrights, is attributable in large part to the fit and style of its Authentic 7 Jeans and 7FAM's high standards of quality and dedication to quality control.  7FAM's efforts ensure that Authentic 7 Jeans are consistent with the reputation 7FAM has created for itself and its merchandise.

16.    As a result of 7FAM's highest quality control standards and the enormous commercial success of Authentic 7 Jeans, the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights have acquired considerable value and have become associated throughout the consuming public with 7FAM in connection with the sale of Authentic 7 Jeans.

17.    Defendants, without authorization or license from 7FAM, have manufactured, distributed, offered for sale and/or sold, in this judicial district and, upon information and belief, throughout the United States, virtually

exact reproductions of Authentic 7 Jeans, each bearing unauthorized copies of the 7 Jeans Marks and/or the designs protected by the 7 Jeans Copyrights (hereinafter the "Counterfeit Merchandise").

18.    True and correct photographs of Counterfeit Merchandise are attached hereto as Exhibit "4" and incorporated herein by this reference as if set forth in full.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants for Federal Trademark Infringement and Counterfeiting)**

19.    7FAM repeats and incorporates by this reference the allegations in paragraphs 1-18, inclusive, as if set forth in full.

20.    Defendant's use of the 7 Jeans Marks in connection with the distribution, offer for sale and/or sale of the Counterfeit Merchandise is likely to cause and is causing confusion, mistake and deception among consumers as to the origin of the Counterfeit Merchandise, and is likely to deceive the public into believing that said Counterfeit Merchandise emanates from, is associated with and/or is otherwise authorized or endorsed by 7FAM, all to the damage and detriment of 7FAM's reputation and goodwill.

21.    Defendant's aforesaid actions constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

22.    Defendant's conduct, as described above, is done willfully with knowledge of and/or grossly reckless disregard for 7FAM's rights.

23.    Because of Defendant's activities, which are likely to continue causing substantial injury to the 7FAM and to the public, 7FAM is

entitled to preliminary and permanent injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116, and 1117.  Pursuant to 15 U.S.C. §1117(b), 7FAM is entitled to trebling of the greater of profits or damages, and to prejudgment interest.  Alternatively, pursuant to 15 U.S.C. §1117(c), 7FAM is entitled to recover statutory damages for Defendant's willful use of counterfeit marks of up to $1,000,000 per mark.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for Federal Unfair Competition and False Designation of Origin)

24.     7FAM repeats and incorporates by this reference the allegations in paragraphs 1-23, inclusive, as if set forth in full.

25.     Defendant's advertising, marketing, offering for sale and sale of the Counterfeit Merchandise misrepresents and falsely suggests to the general public the origin and source, sponsorship and endorsement of said Counterfeit Merchandise.

26.     Defendant's unauthorized and unlawful use of the 7 Jeans Marks on or in connection with the Counterfeit Merchandise creates the express and implied misrepresentation that Defendant's goods are authorized, endorsed or approved by 7FAM.

27.     Defendant's conduct as described above is done willfully with knowledge and/or grossly reckless disregard for 7FAM's rights.

28.     Defendant's aforesaid acts violate 7FAM's rights under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) in that Defendant's willful and intentional use, in connection with goods sold in commerce, constitute a false designation of origin, false or misleading description of fact, and/or false or

misleading representation of fact likely to cause confusion or deceive the consuming public as to the origin, sponsorship and/or approval of the Counterfeit Merchandise.

29.     Because of Defendant's activities, which are likely to continue causing substantial and irreparable injury to 7FAM and to the public, 7FAM is entitled to preliminary and permanent injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125, 1116 and 1117.  7FAM is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. §§1117.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants for  Federal Trademark Dilution)

30.     7FAM repeats and incorporates by this reference the allegations in paragraphs 1-29, inclusive, as if set forth in full.

31.     The 7 Jeans Marks are "famous" and "distinctive" marks within the meaning of 15 U.S.C. §1125(c), and those marks became famous and distinctive prior to the acts of Defendants complained of herein.

32.     Defendant's advertising, promotion, sale and/or offering for sale of the Counterfeit Merchandise dilutes the famous and distinctive quality of the 7 Jeans Marks, and was done with the willful intent to trade on 7FAM's reputation and goodwill and/or to cause dilution of said marks.

33.     Defendant's use of false reproductions of the 7 Jeans Marks on or in connection with the Counterfeit Merchandise was done with full knowledge that the advertising, promotion, sale and/or offering for sale of the Counterfeit Merchandise was not authorized or licensed by 7FAM.

34.     Defendant's aforesaid acts are in knowing and willful

violation of 7FAM's rights under Section 43 of the Lanham Act, 15 U.S.C. §125(c).

35.    Because of Defendant's activities, which are likely to continue causing substantial and irreparable injury to 7FAM and to the public, 7FAM is entitled to preliminary and permanent injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125, 1116 and 1117.  7FAM is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. §1117.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants for Copyright Infringement)

36.    7FAM repeats and incorporates by this reference the allegations in paragraphs 1-35, inclusive, as if set forth in full.

37.    7FAM is the sole and exclusive owner of all right, title, and interest in and to the 7 Jeans Copyrights.

38.    7FAM is informed and believes and based thereon alleges that Defendants had access to the designs protected by the 7 Jeans Copyrights prior to the design and creation of its own products.

39.    7FAM is informed and believes and based thereon alleges that Defendants have copied the designs protected by the 7 Jeans Copyrights and have published, marketed, distributed and/or sold the copied material as designs appearing on the Counterfeit Merchandise.

40.    Defendant's actions were willful, intentional, and purposeful, in disregard of the 7 Jeans Copyrights.

41.    Because of Defendant's activities, which are likely to continue causing substantial and irreparable injury to 7FAM and to the public,

7FAM is entitled to preliminary and permanent injunctive relief, damages and Defendant's profits pursuant to 17 U.S.C. §§502 and 504(b).  Alternatively, 7FAM is entitled to the maximum statutory damages, pursuant to 17 U.S.C. §504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. §504(c).  7FAM is entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants for Deceptive and Unfair Trade Practices)**

42.     7FAM repeats and incorporates by this reference the allegations in paragraphs 1-41, inclusive, as if set forth in full.

43.     Through the expenditure of extensive labor, time and money, 7FAM created the Authentic 7 Jeans, which bear the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights.

44.     Defendant's unlawful acts appropriated rights in the 7 Jeans Marks, the 7 Jeans Copyrights s Marks and 7FAM's good will for Defendant's own pecuniary gain.  7FAM has expended substantial time, resources and effort to obtain a reputation for excellence in its Authentic 7 Jeans.  As a result of 7FAM's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to 7FAM.  Defendants have further sought to "pass off" the inferior quality Counterfeit Merchandise as Authentic 7 Jeans and have wrongfully simulated the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights on and in connection with the Counterfeit Merchandise.

45.     Defendant's unauthorized use of the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights has caused and is likely to cause confusion as to the source of Defendant's Counterfeit Merchandise, all to the

detriment of 7FAM.

46.     Defendant's acts are willful, deliberate, and intended to confuse the public and injure 7FAM.

47.     Defendant's acts constitute an unfair business practice under Fla. Stat. §§501.204 and 501.211.

48.     Because of Defendants activities, which are likely to continue causing substantial and irreparable injury to 7FAM and to the public, 7FAM is entitled to a declaration from the Court that Defendant's activities constitute unfair business practices, preliminary and permanent injunctive relief, compensatory damages, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

**(Against All Defendants for Common Law Unfair Competition)**

49.     7FAM repeats and incorporates by this reference the allegations in paragraphs 1-48, inclusive, as if set forth in full.

50.     Through the expenditure of extensive labor, time and money, 7FAM created the Authentic 7 Jeans, which bear the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights.  7FAM owns and enjoys common law trademark rights in its 7 Jeans Marks in Florida and throughout the United States.

51.     Defendant's unlawful acts appropriated rights in 7FAM's common law 7 Jeans Marks and 7FAM's good will for Defendant's own pecuniary gain.  7FAM has expended substantial time, resources and effort to obtain a reputation for excellence in its 7 Jeans Marks.  As a result of 7FAM's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to 7FAM.  Defendants have further sought to "pass

off" the inferior quality Counterfeit Merchandise as Authentic 7 Jeans and have wrongfully simulated the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights on and in connection with the Counterfeit Merchandise.

52.     Defendant's unauthorized use of the 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights has caused and is likely to cause confusion as to the source of Defendant's Counterfeit Merchandise, all to the detriment of 7FAM.

53.     Defendant's acts are willful, deliberate, and intended to confuse the public and injure 7FAM.

54.     Defendant's acts constitute unfair competition under Florida common law.

55.     Because of Defendants activities, which are likely to continue causing substantial and irreparable injury to 7FAM and to the public, 7FAM is entitled to preliminary and permanent injunctive relief and compensatory damages.

56.     Defendant's conduct was extreme, outrageous, and Defendants inflicted that conduct on 7FAM in reckless disregard of 7FAM's rights.  Said conduct was despicable and harmful to 7FAM and, as such, supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**(Against All Defendants for**

**State Statutory Trademark Dilution)**

57.     7FAM repeats and incorporates by this reference the

allegations in paragraphs 1-56, inclusive, as if set forth in full.

58.     7FAM has extensively and continuously promoted and used the 7 Jeans Marks, both in the United States and throughout the world, and the 7 Jeans Marks have become distinctive, famous, and well-known symbols of 7FAM's goods, including in particular the Authentic 7 Jeans.

59.     Defendant's unauthorized use of the 7 Jeans Marks dilutes and is likely to dilute the distinctiveness of the 7 Jeans Marks by eroding the public's exclusive identification of these famous marks with 7FAM, tarnishing and degrading the positive associations and prestigious connotations of the 7 Jeans Marks, and otherwise lessening their capacity to identify and distinguish 7FAM's goods.

60.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 7FAM's 7 Jeans Marks and have caused dilution of the 7 Jeans Marks to the great and irreparable injury of 7FAM.

61.     Defendants are causing and will continue to cause irreparable injury to 7FAM's goodwill and business reputation, and dilution of the distinctiveness and value of 7FAM's famous and indistinctive 7 Jeans Marks in violation of the Fla. Stat. §495.151.  7FAM, therefore, is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, 7FAM prays that:

1.     Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or

participation with Defendants, and each of them, be enjoined temporarily, preliminarily and permanently, from:

          (a)     manufacturing, distributing, marketing, selling or offering for sale any Counterfeit Merchandise;

          (b)     representing that any Counterfeit Merchandise advertised, promoted, offered for sale or sold by Defendants originates from, is licensed, endorsed or authorized by, or is otherwise associated with 7FAM or that the Counterfeit Merchandise is genuine; and;

          (c)     otherwise using the 7 Jeans Marks or any designs protected by the 7 Jeans Copyrights, or any reproduction, counterfeit copy or colorable imitation thereof, in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of Defendant's or any products distributed, offered for sale or sold by Defendants.

          2.     The Court issue a declaration that Defendant's activities forming the basis of this Complaint constitute unfair business practices pursuant to Fla. Stat. 501.204;

          3.     Defendants be compelled to account to 7FAM for any and all profits derived by Defendants from the sale or distribution of the Counterfeit Merchandise;

          4.     7FAM be awarded all damages caused by the acts forming the basis of this Complaint;

          5.     Based on Defendant's knowing and intentional sale of the Counterfeit Merchandise and use of confusingly similar and substantially indistinguishable imitations of 7 Jeans Marks and the designs protected by the 7 Jeans Copyrights, 7FAM's damages award be trebled and the award of

Defendant's profits be enhanced as provided for by 15 U.S.C. §1117(a);

      6.    Alternatively, 7FAM reserves the right to recover statutory damages for Defendant's willful copyright infringement and use of counterfeit marks pursuant to 15 U.S.C. §1117(c) and/or 17 U.S.C. §504(c).

      7.    Defendants be ordered to pay to 7FAM the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a), 17 U.S.C. §505, and related state statutes;

      8.    Based on Defendant's willful and deliberate counterfeiting, infringement and dilution of the 7 Jeans Marks, and to deter such conduct in the future, 7FAM be awarded punitive damages; and

      9.    7FAM obtain such other and further relief as the Court may deem just and proper.

DATED: August 1, 2005        **AKERMAN SENTERFITT, P.A.**
Richard H. Martin
Florida Bar No. 0579831
100 S. Ashley Dr.
Suite 1500
Tampa, FL 33601-5311
(813) 223-7333
fax: (813) 223-2837
**richard.martin@akerman.com**


By  /s/ Richard H. Martin _____

    Attorneys for Plaintiff
    SEVEN FOR ALL MANKIND, LLC